PEOPLE OF PUERTO RICO, Plaintiff and Appellant, *v.* ANGEL B. FALCÓN, Defendant and Appellee.

No. 4126. Argued December 2, 1930.—Decided December 18, 1930.

*R. A. Gómez, Fiscal of the Supreme Court,* and *E. Pérez Casalduc Prosecuting Attorney for the District of Arecibo,* for appellant. *Antonio Reyes Delgado* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an appeal taken on behalf of The People by the prosecuting attorney for the district of Arecibo.

An indictment having been returned against Angel B. Falcón for a violation of section 372 of the Penal Code, the defendant demurred to the same on the ground that the acts charged did not constitute the crime defined and punished in said section. After a hearing on the demurrer, the court sustained it and ordered the prosecution dismissed. Thereupon the Government took an appeal to this court.

The pertinent part of the indictment reads as follows:

"The said defendant, Angel B. Falcón, sometime in May, 1928, . . . while filling the office of municipal auditor of Jayuya, P. R., and in charge as such of the transfer or disbursement of public funds or moneys belonging to the Municipality of Jayuya by means of the respective warrants, then and there, acting in such capacity, and wilfully, unlawfully, maliciously and fraudulently and without authority of law, did appropriate to his own use and benefit a part of said municipal funds, to wit, the sum of $83.36, ordering the payment thereof and causing the issuance of a check in his name for the said amount, claiming that it was his salary as a municipal employee for June, 1926, which had already been paid to him . . ."

Said section 372 is as follows:

"Sec. 372. Any officer of Puerto Rico, or of any municipality or other local district, and every person charged with the receipt, safe-keeping, transfer or disbursement of public moneys, who either:

"1. Without authority of law, appropriates the same, or any portion thereof, to his own use, or to the use of another; or,

"2. Loans the same, or any portion thereof; or makes a profit out of, or uses the same for any purpose not authorized by law; or

"3. Fails to keep the same in his possession until disbursed or paid out by authority of law; or,

"4. Unlawfully deposits the same, or any portion thereof, in any bank, or with any banker or other person; or,

"5. Changes or converts any portion thereof from coin into currency, or from currency into coin or other currency, without authority of law; or,

"6. Knowingly keeps any false account, or makes any false entry or erasure in any account or relating to the same; or,

"7. Fraudulently alters, falsifies, conceals, destroys or obliterates any account, or documents relating thereto; or,

"8. Wilfully refuses or omits to pay over, on demand, any public moneys in his hands, upon the presentation of a draft, order or warrant drawn upon such moneys by competent authority; or,

"9. Wilfully omits to transfer the same, when transfer is required by law; or,

"10. Wilfully omits or refuses to pay over to any officer or person authorized by law to receive the same any money received by him under any duty imposed by law so to pay over the same;

"is punishable by imprisonment in the penitentiary for not less than one nor more than ten years, and is disqualified from holding any office."

In the case of *Moore* v. *State,* from Nebraska, reported in 74 N. W. 319, it was held:

"When a penal statute is made to apply only to a certain class of persons, the description of the class is so far descriptive of the offense, and that the person charged is within the class is a substantive element of the crime itself.

"Section 124 of the Criminal Code, relating to embezzlement of public moneys, applies only to officers or persons charged by law with the collection, receipt, safe-keeping, transfer, or disbursement of the public moneys, and those who aid or abet such officers or persons.

"The auditor of public accounts is not, as such officer, charged with the collection, receipt, safe-keeping, transfer, or disbursement of any part of the public moneys, and is therefore, not within the descriptive terms of section 124 of the Criminal Code.

"In order to punish one as for a crime, the offense must be within the plain import of the words of the statute creating or defining the crime. An offense not within the words cannot be adjudged a crime because within the reason or spirit; and this principle cannot be evaded by holding that one performing acts, which are denounced as a crime when committed by a particular class of persons, is estopped from denying that he is within that class."

In *Ex parte Huston,* from Idaho, reported in 147 P. 1064, the court said:

"In order to warrant a conviction under section 6975, Rev. Codes, it must be found that the defendant officer is, in the language of the statute, 'charged with the receipt, safe-keeping, transfer or disbursement of public moneys.'

"The state auditor in his official capacity as such officer is not the custodian of public moneys, within the meaning of section 6975, Rev. Codes, and is not properly classified with those public officers who receive public moneys, or are charged with safe-keeping, transferring, or disbursing the same, with relation to his official duties in drawing warrants on public funds.

"Section 6975, Rev. Codes, was intended for the punishment of that particular class of public officers who, being charged with the custody of public funds, fraudulently appropriate to their own use, or the use of another, a portion of such funds, in violation of their trust."

Construing section 372 of our Penal Code in the light of the above decisions, in order that the defendant Falcón, Municipal Auditor of Jayuya, could be held to have committed the crime defined and punished in the said section, he must be identified as the officer or person charged with the receipt, safe-keeping, transfer or disbursement of the public funds of said municipality.

The *Fiscal* maintains that the defendant was such officer, and invokes (1) that portion of section 38 of the Municipal Law which provides:

"The municipal auditor shall have all the powers, functions and duties, with regard to the municipality, as appertain to the Auditor of Puerto Rico, with regard to the Insular Government, subject to the provisions of the Organic Act, and to the regulations issued by the said Auditor of Puerto Rico; and shall sign all warrants and orders of payment to be made out of all municipal funds . . .";

(2) the twenty-first paragraph of section 2 of the Organic Act, which directs:

"That no money shall be paid out of the Treasury except in pursuance of an appropriation by law, and on warrant drawn by the proper officer in pursuance thereof,"

and (3) sections 17 (*a*) and 19 (*a*) and (*d*) of the Municipal Accounting Regulations, which prescribe:

"Section 17.—(*a*) The municipal auditor shall draw warrants for the payment of municipal expenditure only where the money appropriated has not been wholly spent or earmarked in the budget or legally transferred, or where the expenditure is duly vouched by documents presented by the interested party or requested by the municipal auditor; or, further, where there are funds available according to the apportionment of cash on hand and there is certainty that the said warrant can be paid on the same day in which it is drawn.

"Section 19.—(*a*) Warrants (model No. 12) are written orders to the municipal treasurer to pay *bona fide* creditors certain amounts for specified materials or services, except in cases where there are no funds available for the payment of the account according to the apportionment of cash on hand.

"(*d*) The municipal auditor shall fill out and sign the voucher check attached to the warrant and forming a part thereof, taking care that the space left for that purpose contains an exact, full and unequivocal explanation of the objects for which payment is ordered, in such a manner that, without reference to vouchers or other documents in justification, the purpose of the payment clearly appears."

Notwithstanding the efforts of the *Fiscal*, his arguments are of no avail against the language of the statute whose meaning and constant application has been fixed by the jurisprudence and is well known.

Irrespective of the intervention of the auditor in disbursements made by the municipality, regardless of how necessary his action may be, he is not the officer charged with the *receipt, safe-keeping, transfer* or *disbursement* of municipal public funds mentioned in section 372 of the Penal Code. The law clearly refers to the officer who has the actual and direct custody of the funds and finally delivers them into the hands, say, of the treasurer.

The argument that, if the statute can not be construed as the *Fiscal* urges, such crimes as the one with which the defendant is charged would go unpunished, is devoid of weight before the courts.

Apart from the fact that we are not convinced that the offense, if committed, might not be prosecuted in another way, suffice it to say that the argument could only be persuasive with the Legislature.

The judgment appealed from must be affirmed.